**HOPE NATURAL GAS COMPANY, Petitioner, v. FEDERAL POWER COMMISSION, Respondent.**

No. 6365.

United States Court of Appeals
Fourth Circuit.

June 18, 1952.

For former opinion, see 196 F.2d 803.

William A. Dougherty, New York City (C. W. Cooper and Henry F. Lippitt, 2nd, New York City, on brief), for petitioner.

Bernard A. Foster, Jr., Asst. General Counsel, Federal Power Commission, Washington, D. C. (Bradford Ross, General Counsel, Howell Purdue, Harry R. Van Cleve, Jr., Reuben Goldberg and Pascal B. Frazier, Attorneys, Federal Power Commission, all of Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

A petition for rehearing has been filed in this case but it presents no point that has not been fully considered. Criticism is made of two sentences of the opinion which are taken out of context; but we think there is no ground for criticism when they are properly considered in connection with what precedes and follows them. Nothing said in the opinion amounts to a holding that a rate making body may approve confiscatory rates because of profits made in a prior period. What we held was that maintenance of an existing rate and suspension of a proposed rate during a reasonable period of investigation may not be condemned as confiscatory. The statement that "losses of one period must be counterbalanced against gains of another in any fair consideration of the rate making procedure" had reference, not to the fixing of rates by a rate making body, but to the judging of the constitutionality of a statute authorizing the suspension of proposed rates and the continuance of existing rates during a reasonable period of investigation. This is made perfectly clear by the succeeding paragraph of the opinion which is as follows:

"It is true, of course, that a utility is entitled to rates that are just and reasonable; but this is not to say that rates must fluctuate automatically with every change in economic conditions or that a reasonable time may not be allowed for determining the reasonableness of a proposed increase in rates before it is allowed to go into effect. Any loss sustained by a maintenance of the status quo while such determination is being made is properly considered, not as a violation of constitutional right, but as a necessary incident of rate regulation so long as the period of suspension does not 'overpass the bounds of reason.' See American Telephone & Telegraph Co. v. United States, 299 U.S. 232, 247, 57 S.Ct. 170, 177, 81 L.Ed. 142; Federal Power Commission v. East Ohio Gas Co., 338 U.S. 464, 475, 70 S.Ct. 266, 94 L.Ed. 268. It is not contended, nor could it reasonably be, that the five months

suspension period allowed by the statute is so unreasonable as to amount to a denial of due process. As pointed out by Senator Elkins with respect to the suspension provision of the Mann-Elkins Act, a limited period of suspension pending an investigation of proposed increases is 'a reasonable limitation upon the exercise of the property rights of the carrier (utility) in fixing a rate.' 45 Cong.Record 3472."

The petition for rehearing will be denied.

Rehearing denied.